IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3177 |
| | ) | |
| v. | ) | |
| | ) | |
| MELODY ANN WINTERS, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

Based upon 117.98 grams of "crack," Melody Ann Winders was originally sentenced to the statutory minimum of 120 months on September 16, 2009 and the judgment was filed on September 18, 2009. (Filing no. 121.) This was all *before* the Fair Sentencing Act (FSA) took effect on August 3, 2010. Therefore, the Supreme Court's decision in *Dorsey v. United States*, — U.S. —, 132 S.Ct. 2321, 2335-36 (2012) (making the FSA's lower quantity triggers for statutory minimums retroactive in certain cases) does not apply. This is because "the Act applies retroactively *only* to 'offenders whose crimes preceded August 3, 2010, but who are sentenced *after* that date.'" *United States v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012) (quoting *Dorsey*) (emphasis added).

As a result, Winters is not entitled to relief under the FSA. There was no retroactive lowering of the quantity trigger for the 10-year statutory minimum in Winters' case because she was originally sentenced prior to the effective date of the FSA.

It is true that Winters later received a Rule 35(b) reduction in October of 2010. Her sentence was reduced to 80 months. (E.g., filing no. 194.) However, "Rule 35(b) uses the original guidelines range as a frame of reference" and "[w]here . . . the defendant was originally sentenced at the bottom of the restricted Guidelines range (the statutory minimum), the district court starts from that point and departs as necessary to reflect the defendant's assistance." *United States v. Roa-Medina*, 607 F.3d. 255, 259 (1st Cir. 2010) (Defendant's 72-month sentence for distributing cocaine base, which district court had reduced from original 120-month sentence pursuant to government motion for sentence reduction based on defendant's substantial assistance,

continued to be based on restricted sentencing guidelines range of 120-135 months that had applied at original sentencing by operation of 120-month statutory mandatory minimum sentence, and thus, 72-month sentence was not based on sentencing range that was subsequently lowered by guidelines amendment lowering offense levels for crack cocaine offenses, so as to make defendant eligible for sentence reduction under statute authorizing sentence reduction in case of defendant who was sentenced based on sentencing range that was subsequently lowered by Sentencing Commission). *See also* *United States v. Lewis*, 2012 WL 3139735 (8th Cir., August 3, 2012).

In an effort to treat all defendants fairly, the United States Probation Office for the District of Nebraska looked into the defendant's case to determine whether she was entitled to relief under the FSA. USPO Ford submitted a "2011 Retroactive Sentencing Worksheet" indicating that Winters is not entitled to relief under the FSA and he provided copies to counsel. I have now examined the Worksheet and I agree with USPO Ford's conclusion.

IT IS ORDERED that:

1. USPO Craig Ford shall file the Worksheet in the court file.

2. The defendant is not entitled to relief under the Fair Sentencing Act.

3. The Clerk shall mail a copy of this Memorandum and Order to Ms. Winters and provide notice to counsel.

4. The Clerk shall also provide a copy of this Memorandum and Order to SUSPO Norton, SUSPO Nelson and USPO Ford.

DATED this 14th day of September, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge